UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FENTON MOBILITY PRODUCTS, INC.,

    Plaintiff,

v.

PARETO ALUMINUM SYSEMS LLC,

    Defendant.

21-CV-1285-LJV
DECISION & ORDER

_____

On December 16, 2021, the plaintiff, Fenton Mobility Products, Inc. ("Fenton"), commenced this action for patent infringement against the defendant, Pareto Aluminum Systems LLC, ("Pareto"). Docket Item 1.

Fenton and Pareto both manufacture and sell "aftermarket seat legs that allow original equipment manufacturer [ ] seats to be removably connectable to a floor track system."[1] *Id*. at ¶¶ 7 and 10. The patent at issue here is U.S. Patent Number 10,625,867 ("'867 Patent"), entitled "Integrable Seat Leg" and issued on April 21, 2020. *Id*. at ¶ 13. Fenton alleges that it is the "owner by assignment of all right, title, and interest in the '867 Patent." *Id*. at ¶ 14. And it claims that Pareto has infringed the patent "by making, using, selling, and/or offering for sale, in this district and elsewhere, the counterbalances and the redesigned counterbalances, including but not limited to, the FORD SINGLE SEAT LEG, FORD DOUBLE SEAT LEG, FORD TRIPLE SEAT,

---

[1] Pareto also manufactures and sells aftermarket floor track systems. *Id*. at ¶ 10.

AND FREEDMAN SINGLE SEAT QUICK RELEASE MECHANISM products." *Id*. at ¶ 15.

On May 31, 2022, Pareto moved to dismiss for improper venue or, in the alternative, to transfer the case to the Eastern District of Michigan. Docket Item 13. A few weeks later, Fenton responded and cross-moved to transfer the case to the Western District of Missouri. Docket Item 17. And in July, Pareto replied. Docket Item 18. For the reasons that follow, Pareto's motion to dismiss is denied, but its motion to transfer the case to the Eastern District of Michigan is granted. Fenton's cross-motion is denied.

## DISCUSSION

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case." Significant to the issue here, the transferring court may transfer the case to "*any district* . . . in which it could have been brought." *Id*. (emphasis added).

Fenton responded to Pareto's motion to dismiss or transfer by cross-moving for a transfer different than the one requested by Pareto. *See* Docket Item 17. In support of that cross-motion, Fenton does not suggest that venue lies in the Western District of New York. *See generally* Docket Item 17-3. Moreover, Fenton agrees with Pareto that venue is proper in the Eastern District of Michigan. *See id.* at 3 ("The Eastern District of Michigan would be a proper venue for this action . . .."). Nevertheless, Fenton urges this Court to transfer the case to the Western District of Missouri, arguing that venue also lies there. *Id*.

In its reply, Pareto maintains that venue does not lie in the Western District of Missouri.  Docket Item 18 at 2-3.  Pareto then reiterates its position that venue in the Eastern District of Michigan is proper, and it repeats its request that this Court either dismiss the case or transfer it there.  *Id.* at 3-6.

Because Pareto's motion to dismiss or transfer argues that there is another district in which venue lies, and because Pareto's motion focuses on transfer and not dismissal, this Court first finds that it is in the interest of justice to transfer—and not to dismiss—this action.  The only question is where.

In a patent infringement case, venue is governed exclusively by 28 U.S.C. § 1400(b) and is proper only in a judicial district where the defendant is incorporated or where the defendant has a regular and established place of business and has allegedly committed acts of infringement.  *T.C. Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1520 (2017).  For purposes of 28 U.S.C. § 1400(b), a corporation resides only in its state of incorporation.  *Id*. at 1517.  Pareto is a limited liability company that was incorporated, and therefore resides, in the Eastern District of Michigan.  Docket Items 13-2 and 17-2.

The parties thus agree that venue does not lie in the Western District of New York but does lie in the Eastern District of Michigan.  *See* Docket Items 13 and 17.  *Id*.  Although venue also *may* lie in the Western District of Missouri, or perhaps in other districts where Pareto has a regular and established place of business and allegedly committed acts of infringement, this Court will not venture down that road to perform analysis that is unnecessary.  Because this Court may transfer the case to *any* district

where venue lies, 28 U.S.C. § 1406(a), and because both sides agree that venue lies in the Eastern District of Michigan, the Court transfers the case there.[2]

## **CONCLUSION**

For the foregoing reasons, Pareto's motion to dismiss is denied, but Pareto's motion to transfer venue to the Eastern District of Michigan is granted. Fenton's cross-motion to transfer venue to the Western District of Missouri is likewise denied. The Clerk of the Court shall transfer this case to the Eastern District of Michigan and close the file in this Court.

SO ORDERED.

Dated:  November 9, 2022
           Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE

---

[2] In reaching this decision, this Court does not mean to suggest or imply any opinion on whether venue in this case lies in any other district or whether the case should be transferred elsewhere; it leaves that decision to the sound judgment and discretion of the Eastern District of Michigan.